1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT FOR THE

8                          EASTERN DISTRICT OF CALIFORNIA

9

10   JOE HAND PROMOTIONS, INC.,        )          1:10cv01702 OWW DLB
                                       )
11                                     )          FINDINGS AND
                                       )          RECOMMENDATION
12                                     )          REGARDING PLAINTIFF'S
                                       )          APPLICATION FOR
13                 Plaintiff,          )          FOR DEFAULT JUDGMENT
                                       )
14          vs.                        )          (Document 28)
                                       )
15   TASHA A. JAMES, et al.,           )
                                       )
16                                     )
                   Defendants.         )
17   _____ )

18          On May 24, 2011, Plaintiff Joe Hand Promotions, Inc., ("Plaintiff") filed the present motion

19   for default judgment against Defendant James & Carlton Family Pizza ("Defendants").  The motion

20   was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  The matter was

21   heard on July 1, 2011, before the Honorable Dennis L. Beck, United States Magistrate Judge.

22   Thomas Riley appeared telephonically on behalf of Plaintiff.  Defendant did not appear.

                        **FACTUAL AND PROCEDURAL BACKGROUND**

23          Plaintiff filed the instant action on September 16, 2010, against Tasha A. James, individually

24   and d/b/a Pizza Factory, and West Coast Pizza Concepts, Inc., d/b/a Pizza Factory a/k/a Visalia Pizza

25   Factory.  On December 13, 2010, Plaintiff filed a First Amended Complaint ("FAC") that added Kari

26   Deanne Carlton, individually and d/b/a Pizza Factory and James & Carlton Family Pizza, Inc., d/b/a

27

28                                                  1

Pizza Factory as Defendants.  The FAC alleges violations of 47 U.S.C. § 605 and 47 U.S.C. § 553, as well as state law causes of action for conversion and violation of Cal. Bus. & Prof. Code § 17200, et seq.  The allegations are based on Defendants' alleged unlawful interception, reception, and exhibition of "Ultimate Fighting Championship 103: Rich Franklin v. Vitor Belfort ("Program")," which was telecast on September 19, 2009.  According to the FAC, Plaintiff was the exclusive nationwide commercial distributor of the Program.

The First Cause of Action for violation of 47 U.S.C. § 605 (Unauthorized Publication or Use of Communications) alleges that Defendants knowingly intercepted, received, published, divulged, displayed and/or exhibited the Program for purposes of direct or indirect commercial advantage or private financial gain.  Plaintiff seeks $110,000 in statutory damages, along with attorneys' fees and costs.  The Second Cause of Action for violation of 47 U.S.C. § 553 (Unauthorized Reception of Cable Services) is based upon the same allegations.  Plaintiff requests $60,000 in damages, as well as attorneys' fees and costs.  The Third Cause of Action for conversion alleges that Defendants "tortuously obtained possession" of the Program and wrongfully converted it for their own benefit.  Plaintiff alleges that these acts were willful and intentionally designed to harm Plaintiff and subject it to economic distress and financial loss.  Plaintiff seeks compensatory, punitive and exemplary damages, attorneys' fees and costs.  The Fourth Cause of Action alleges a violation of Cal. Bus. & Prof. Code § 17200, et seq., for which Plaintiff seeks restitution, declaratory relief and injunctive relief.

On January 6, 2011, the Court dismissed Defendants Tasha A. James and West Coast Pizza Concepts, Inc., without prejudice, pursuant to Plaintiff's request for voluntary dismissal.

On March 17, 2011, Plaintiff filed a proof of service indicating that Defendant James & Carlton Family Pizza ("Defendant") was served on February 16, 2011.  Kari Deanne Carlton, the agent for service of process, was served by substituted service on John Doe, the person in charge at 250 East Antelope Avenue, Suite C, Woodlake, California.  The address is listed as a business address.  The process server also mailed the documents to Defendant at the business address.  According to the declaration of diligence filed with the proofs of service, the process server

2

1   attempted service on three separate occasions (February 11, 14 and 16).

2       The proof of service indicates that John Doe refused to give his name.  He is described as a

3   Hispanic male, 33 years old, with black hair and brown eyes, weighing 220 pounds and standing 5'6"

4   tall.

5       On March 25, 2011, the Court dismissed Kari Deanne Carlton without prejudice, pursuant to

6   Plaintiff's request for voluntary dismissal.

7       On April 7, 2011, Plaintiff filed a second proof of service indicating that Defendant James &

8   Carlton Family Pizza was served on March 17, 2011.  Scott Ray James, the agent for service of

9   process, was served by substituted service on Terah Russell, "mailbox clerk/person in charge," at

10  4216 S. Mooney Blvd., Visalia, California.  The process server also mailed the documents to this

11  address on March 18, 2011.

12      On April 18, 2011, pursuant to Plaintiff's request, the Clerk of the Court entered default

13  against Defendant James & Carlton Family Pizza.

14      Plaintiff filed the instant motion for default judgment on May 24, 2011.  Defendants were

15  served with the motion by mail at 250 East Antelope Avenue, Suite C, Woodlake, California.

16      Defendants have not filed an opposition or otherwise appeared in this action.

17                              **LEGAL STANDARD**

18  Federal Rule of Civil Procedure 55(b)(2) provides:

19      (2)   By the Court.  In all other cases, the party must apply to the court for a default
            judgment.  A default judgment may be entered against a minor or incompetent
20          person only if represented by a general guardian, conservator, or other like
            fiduciary who has appeared.  If the party against whom a default judgment is
21          sought has appeared personally or by a representative, that party or its
            representative must be served with written notice of the application at least 7
22          days before the hearing.  The court may conduct hearings or make
            referrals  preserving any federal statutory right to a jury trial  when to enter or
23          effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the
            amount of damages; (C) establish the truth of any allegation by evidence; or
24          (D) investigate any other matter.

25      "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as

26  true."  Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc., 722 F.2d 1319, 1323 (7th Cir.

27  1983); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).  Thus, "[a]t the

28                                      3

1  time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted."  10

2  J. Moore, Moore's Federal Practice § 55.11 (3d ed. 2000).

3  **DISCUSSION**

4       Pursuant to the proofs of service filed with the Court, Defendant was properly served with the

5  summons and complaint.  The Clerk entered default on April 18, 2011.

6       Defendant is not an infant or incompetent person, and is not in the military service or

7  otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.  Declaration of

8  Thomas P. Riley ("Riley Dec.") ¶ 3.

9       Although the Complaint seeks relief pursuant to Section 605 and Section 553, Plaintiff

10 indicates that it cannot determine the precise means of signal transmission that the Defendant used in

11 this case.  Plaintiff therefore requests recovery under Section 605.  In cases involving a satellite,

12 Section 605 is the proper statute for a damages award.  See, e.g., DirectTV, Inc. v. Webb, 545 F.3d

13 837, 844 (9th Cir. 2008) (Section 605 covers airborne communications, including satellite television

14 signals).  This statute allows for both statutory damages and "enhanced" damages.  Section

15 605(e)(3)(C)(i)(II) permits the aggrieved party to recover "statutory damages for each violation ... in

16 a sum of not less than $1,000 or more than $10,000."  Additionally, Section 605(e)(3)(C)(ii)

17 provides that where a violation is "committed willfully and for purposes of ... commercial advantage

18 or private gain," the court may increase the award of damages by an amount of no more than

19 $100,000 for each violation.  Plaintiff seeks both the maximum statutory damages award ($10,000)

20 and the maximum enhanced damages award ($100,000) pursuant to Section 605.  Additionally,

21 Plaintiff seeks $2,200.00 for conversion.

22      Having accepted the well pleaded allegations of the complaint as true, Plaintiff is entitled to

23 judgment based on Defendant's violation of 47 U.S.C. § 605.  Given the size of the establishment at

24 issue (approximate capacity of 65 people), the number of televisions (two), and the number of

25 viewing patrons (headcounts of 54/57/65), the Court finds that the violation likely had a minimal

26 impact.  Affidavit of Michael Ruiz.

27

28

4

However, the Court recognizes that the deterrence of future violations is an important objective of the statute and that Defendant's actions were done wilfully for commercial advantage. The establishment was filled to near capacity and located in a relatively urban area of Visalia.[1] Accordingly, the Court finds that an award of $10,000.00 in statutory damages and an additional $50,000.00 in enhanced damages is an appropriate remedy.  The total amount both compensates Plaintiff and serves as a deterrent to the acts at issue.

In addition to Section 605 damages, Plaintiff requests conversion damages totaling $2,200.00.  Plaintiff indicates that this is the amount Defendant would have been required to pay had it ordered the Program from Plaintiff.  According to Plaintiff, damages for conversion are based on the value of the property at the time of the conversion plus interest.  Cal. Civ. Code § 3336 (detriment caused by wrongful conversion of personal property is presumed to be the value of the property at the time of the conversion, with interest from that time).  The Court recommends an award of $2,200.00 in damages for the conversion claim.

## **RECOMMENDATION**

Based on the above, the Court RECOMMENDS that judgment be entered in this action against Defendant James & Carlton Family Pizza and RECOMMENDS that damages in the total amount $62,200.00 be fixed as follows:

1)      Statutory damages in the sum of $10,000.00 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);

2)      Enhanced damages in the sum of $40,000.00 pursuant to 47 U.S.C. § 605(c)(3)(C)(ii); and

3)      Damages for conversion in the sum of $2,200.00.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631(b)(1)(B) and Rule 305 of the Local Rules of Practice for the United States District Court, Eastern District of California.

---

[1] Plaintiff also points the Court to another action involving James & Carlton Family Pizza, 1:10cv01711 AWI GSA, and contends that Defendant should be viewed as a repeat offender.  Findings and Recommendations on Plaintiff's motion for default were issued in that action on June 7, 2011, but the action is not yet closed.  Accordingly, the Court cannot yet find that Defendant is a repeat offender.

5

Within thirty days after being served with a copy, any party may serve on opposing counsel and file with the court written objections to such proposed findings and recommendations.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

Dated:    **July 1, 2011**            _____**/s/ Dennis L. Beck**_____
UNITED STATES MAGISTRATE JUDGE

6